UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERARD LANGLAIS,

    Plaintiff,

v.

ELECTRIC BOAT CORPORATION,

    Defendant.

## NOTICE OF REMOVAL

Defendant Electric Boat Corporation files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, Defendant states the following:

### Preliminary Statement of Claims

1. Defendant is a party to a civil action filed by Plaintiff Gerard Langlais in the Rhode Island Superior Court for Kent County, Case No. KC-2021-0050 (the "State Court Action").

2. In his Complaint in the State Court Action, filed on January 18, 2021, Plaintiff alleges violations of the Rhode Island Fair Employment Practices Act ("FEPA"), the Rhode Island Civil Rights Act of 1990 ("RICRA"), and the Americans with Disabilities Act of 1990 ("ADA") (Compl. ¶¶ 25-31).

### Venue

3. In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Rhode Island because the State Court Action was filed within this judicial district and division.

**Grounds for Removal**

4. Pursuant to 28 U.S.C. 1441(a), any civil action brought in a state court in which the district courts of the United States have original jurisdiction may be removed by the Defendant to the district court of the place where such action is pending.

5. Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. This Court has federal question jurisdiction over this case because Plaintiff has set forth allegations that the Defendant has violated the ADA (Compl. ¶¶ 25-31).

7. This Court has supplemental jurisdiction over the remaining allegations in the Complaint pursuant to 28 U.S.C. § 1367 because they are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

8. This Court also has jurisdiction based on diversity of citizenship. Plaintiff alleges that he is a citizen of Rhode Island. (Compl. ¶ 1). Defendant Electric Boat Corporation is incorporated in Delaware with a principal place of business in Groton, Connecticut. It is therefore a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1).

9. There is a reasonable probability that the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff alleges in his Complaint that he suffered "mental and emotional distress" as well as "loss of pension benefits and wages." (Compl. ¶ 22). Plaintiff seeks compensatory damages including lost wages, lost pension benefits, health insurance, and "other benefits." (Compl. Prayers for Relief, ¶¶ a-c). In addition, Plaintiff seeks punitive damages and "attorney's fees and cost[s]." (Compl. Prayers for Relief, ¶¶ a-c). Plaintiff received base compensation at an annualized wage of $32,610.00 at the time he separated from employment with the Defendant on or about January 24, 2019; therefore, the

claimed amount of back pay alone – for a period of over two years – nearly exceeds the jurisdictional requirement.

## Timeliness of Removal

10. Defendant was served with Plaintiff's Complaint on March 5, 2021. Defendant files this Notice of Removal within thirty (30) days after receipt of the Complaint setting forth the claims for relief upon which the action is based, and the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired. Filed herewith as Exhibit A are true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action, as provided by 28 U.S.C. § 1447.

## Proper Notice of Removal

11. Defendant will promptly file a true and correct copy of its Notice of Removal with the State Court as provided by 28 U.S.C. § 1446(d).

12. Defendant will promptly serve a copy of this Notice of Removal on the attorney for Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes the State Court Action to this Court's jurisdiction.

Respectfully submitted,

ELECTRIC BOAT CORPORATION

By Their Attorneys,

*/s/ Aaron A. Spacone*
Jeffrey S. Siegel (*pro hac vice* forthcoming)
Aaron A. Spacone (No. 9211)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666
*jsiegel@morganbrown.com*
*aspacone@morganbrown.com*

Date: March 24, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2021, a copy of the foregoing document was served by first-class U.S. mail upon:

Sonja L. Deyoe, Esq.
Law Office of Sonja L Deyoe
395 Smith Street
Providence, RI 02908

      */s/ Aaron A. Spacone*
      Aaron A. Spacone